Donald R. Gordon (Cal. Bar No. 221211)
E: don@hudsonconsumer.com
SCHLANGER LAW GROUP, LLP
26300 Cedar Road, Suite 1105
Beachwood, OH 44122
T. 212-500-6114
F. 646-612-7996

*Attorney for Plaintiff Richard Collins*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| RICHARD COLLINS,<br><br>*Plaintiff,*<br><br>v.<br><br>CITIBANK, N.A.,<br><br>*Defendant.* | Case No.: ______________________<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>**1. TRUTH IN LENDING ACT, 15 U.S.C. § 1601 ET SEQ.;**<br>**2. FAIR CREDIT BILLING ACT, 15 U.S.C. § 1666 ET SEQ.; AND**<br>**3. UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE § 17200 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Richard Collins, by and through his undersigned attorneys, alleges the following against Citibank, N.A.:

**PRELIMINARY STATEMENT**

1. Plaintiff Richard Collins ("Mr. Collins" or "Plaintiff") brings this action against Citibank, N.A. ("Defendant") for violations of the Truth in Lending Act ("TILA"),

15 U.S.C. § 1601 et seq., the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666 et seq., and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.

2. On April 21, 2026, a thief broke into Mr. Collins's car and stole his wallet, which held his Citi credit card, and his phone. Within three days, seven charges totaling $59,418.81 posted to his credit card account. Mr. Collins reported the theft to Defendant the next morning and disputed every charge.

3. Defendant credited two of the charges and refused to credit the other five, which total $53,198.09, on the stated ground that Mr. Collins had provided his account number for them. Defendant continues to hold him liable for those charges and has charged him interest on them.

## JURISDICTION AND VENUE

4. The Court has jurisdiction pursuant to 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331. Supplemental jurisdiction over Plaintiff's claim under California law exists pursuant to 28 U.S.C. § 1367.

5. Jurisdiction over Plaintiff's claim for declaratory relief is conferred by 28 U.S.C. §§ 2201 and 2202.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District, a substantial part of the events and omissions giving rise to his claims occurred here, and Defendant regularly conducts business here, including by issuing the account at issue to Plaintiff and billing him for it in this District.

## PARTIES

7. Plaintiff Richard Collins is a natural person residing in Agoura Hills, Los Angeles County, California.

8. Plaintiff is a "cardholder" and a "consumer" within the meaning of 15 U.S.C. § 1602(n) and (i), and an "obligor" within the meaning of 15 U.S.C. § 1666(a).

9. At all times relevant, Plaintiff's account with Defendant was used for personal, family, or household purposes.

10. Defendant Citibank, N.A. is a national banking association with its main office in Sioux Falls, South Dakota.

11. Defendant is a "card issuer" and a "creditor" within the meaning of 15 U.S.C. § 1602(o) and (g) that issues credit cards to consumers, such as Plaintiff, and is responsible for resolving billing disputes concerning unauthorized charges.

## FACTUAL ALLEGATIONS

### The Account

12. Plaintiff holds a Citi / AAdvantage Platinum Select World Elite Mastercard credit card account issued by Defendant, ending in 2188 (the "Account"). He has been a cardmember since 1996.

### The Theft and the Charges

13. On the afternoon of April 21, 2026, while Plaintiff was at Surfrider Beach in Malibu, California, someone broke into his locked car and stole his wallet, which held his Citi credit card, together with his iPhone, his driver's license and his keys.

14. Between April 21 and April 23, 2026, the following seven charges, totaling $59,418.81, posted to the Account:

| Post Date | Merchant and Location as Shown on Statement | Amount |
|---|---|---:|
| April 21, 2026 | APPLE STORE #R050, LOS ANGELES CA | $2,967.15 |
| April 21, 2026 | APPLE STORE #R050, LOS ANGELES CA | $3,100.80 |
| April 21, 2026 | SAKS BEVERLY HILLS 603, BEVERLY HILLS CA | $19,974.50 |
| April 22, 2026 | Van Cleef Arpels US, Beverly Hills CA | $19,645.25 |
| April 22, 2026 | LOUIS VUITTON - UAW, Las Vegas NV | $3,630.56 |
| April 22, 2026 | LOUIS VUITTON - UWY, Las Vegas NV | $7,510.39 |
| April 23, 2026 | CHRISTIAN LOUBOUTIN LL, New York NY | $2,590.16 |
| | **Total** | **$59,418.81** |

15. Plaintiff did not make any of these charges. He did not authorize any person to make them and did not give anyone permission to use the Account. He received no money, goods, services or other benefit from any of them.

**Plaintiff's Notice to Defendant**

16. On the morning of April 22, 2026, Plaintiff went to a Citibank branch and, using a telephone there, reported to Defendant that his card had been stolen. Defendant's records show fraud reported on the card on or about April 22, 2026. The same day, Plaintiff reported the theft to the Los Angeles County Sheriff's Department, which assigned report number 926-01646-1015-340.

17. Plaintiff also reported the theft to Wells Fargo Bank, N.A., which held his checking accounts. By letter dated April 29, 2026, Wells Fargo informed Plaintiff that it had resolved his debit card claim and credited his account $6,453.40.

18. By email dated April 21, 2026, Defendant had notified Plaintiff of suspicious activity on the Account, identifying a charge of $19,974.50 at Saks Fifth Avenue and asking whether he recognized it. The same email told Plaintiff that, as a Citi cardmember, he was "protected with $0 liability on unauthorized charges, which means you're not responsible for charges you didn't authorize." Defendant repeated that statement in a further fraud alert by email dated April 22, 2026.

19. On April 27, 2026, Plaintiff disputed all seven charges with Defendant by telephone. By email dated April 27, 2026, Defendant confirmed that it had received his fraud claim, told him it had canceled his card, and stated that he would not have to pay the disputed transactions or related fees and finance charges while the dispute was pending. By letters dated May 30, June 5 and June 21, 2026, Defendant again acknowledged his dispute.

20. Between April 27 and August 27, 2026, Plaintiff telephoned Defendant about the charges more than two dozen times.

**Defendant's Determination**

21. On or about April 28, 2026, Defendant credited the Account for two of the seven charges, the $3,630.56 charge at LOUIS VUITTON - UAW and the $2,590.16 charge at CHRISTIAN LOUBOUTIN LL, as security credits.

22. Defendant refused to credit the remaining five charges, which total $53,198.09: the two charges at APPLE STORE #R050, the charge at SAKS BEVERLY HILLS 603, the charge at Van Cleef Arpels US, and the $7,510.39 charge at LOUIS VUITTON - UWY (together, the "Disputed Charges").

23. By letter dated July 1, 2026, Defendant informed Plaintiff that it had closed its investigation and that the Disputed Charges would remain on the Account. The letter gave one reason: "You accepted responsibility for the disputed charge(s) when you provided your account number for the transaction(s)." The letter told Plaintiff to take the matter up with the merchants, and stated that Defendant may report his account as past due to the consumer reporting agencies if it did not receive his minimum payment.

24. Plaintiff did not provide his account number to any of the merchants at which the Disputed Charges were made. Defendant has never explained why it credited two charges arising from the same theft and refused to credit the other five.

**Plaintiff's Written Dispute**

25. On July 13, 2026, Plaintiff sent Defendant a signed written dispute by fax, stating that his wallet and phone had been stolen on April 21, 2026, that multiple charges had been made on his credit card, and that he had reported the theft to Defendant on April 22, 2026. He attached his report to the Sheriff's Department. Plaintiff has received no response.

**Defendant's Continued Billing**

26. Defendant continues to bill Plaintiff for the Disputed Charges and to charge him interest on balances that include them. On the statements with closing dates of July

17, August 19, September 17 and October 19, 2026, Defendant charged Plaintiff interest of $902.10, $1,053.80, $942.75 and $1,035.30, respectively. Defendant also charged the Account a $30.00 returned payment fee on or about April 27, 2026, arising from a payment to the Account that Plaintiff did not make, and has not reversed it.

27. The Disputed Charges have consumed most of the Account's $63,000.00 credit limit. Plaintiff has continued to make payments on the Account.

**Plaintiff's Damages**

28. As a result of Defendant's misconduct, Mr. Collins has suffered substantial emotional distress, including but not limited to:

a. anxiety, worry and panic;
b. sleeplessness and fatigue;
c. headaches and nausea;
d. loss of concentration;
e. frustration, anger and irritability;
f. sadness, hopelessness and crying; and
g. humiliation and fear for his financial security.

29. Mr. Collins has spent many hours on the telephone with Defendant, repeating the same account to one representative after another. Each time Defendant refused to remove the Disputed Charges, he experienced that distress again.

## FIRST CAUSE OF ACTION

*Truth in Lending Act, 15 U.S.C. § 1601 et seq.*

30. Plaintiff repeats and re-alleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

31. Pursuant to 15 U.S.C. § 1643, a "cardholder" such as Plaintiff is liable for the unauthorized use of a credit card only if, among other things, "the liability is not in excess of $50." 15 U.S.C. § 1643(a)(1)(B). Except as provided in § 1643, "a

cardholder incurs no liability from the unauthorized use of a credit card." 15 U.S.C. § 1643(d).

32. The Disputed Charges, totaling $53,198.09, exceed $50.

33. Even though Plaintiff is not liable for the Disputed Charges under 15 U.S.C. § 1643, Defendant has unlawfully attempted to hold Plaintiff responsible for them, plus associated interest, in violation of TILA.

34. As a result of Defendant's violation of TILA, Plaintiff is entitled to actual damages, statutory damages pursuant to 15 U.S.C. § 1640(a)(2)(A)(iii), including such higher amount as may be appropriate in the case of an established pattern or practice of such failures, a declaratory judgment that Defendant has violated the statute, costs, and reasonable attorneys' fees.

**SECOND CAUSE OF ACTION**

*Fair Credit Billing Act, 15 U.S.C. § 1666 et seq.*

35. Plaintiff repeats and re-alleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

36. Plaintiff timely disputed the Disputed Charges with Defendant.

37. Defendant did not conduct a reasonable investigation of the Disputed Charges. *See* 15 U.S.C. § 1666(a)(3).

38. A reasonable investigation would have included review of one or more of the following items, which would have led Defendant to conclude that the Disputed Charges were, in fact, unauthorized:

a. Documentation and written signed statements provided by Plaintiff;

b. The report Plaintiff made to the Los Angeles County Sheriff's Department and provided to Defendant;

c. Defendant's own records of Plaintiff's April 22, 2026 report that his card had been stolen;

d. Defendant's own April 21, 2026 fraud alert identifying the charge at Saks Fifth Avenue as suspicious activity;

e. Defendant's own decision to credit two charges made in the same theft; and

f. Plaintiff's lack of purchase history with Saks Fifth Avenue, Van Cleef & Arpels and Louis Vuitton.

39. In short, any reasonable investigation of the Disputed Charges would have resulted in their permanent removal from the Account. Defendant did not provide proof of responsibility for the Disputed Charges.

40. Defendant's unreasonable investigation and its refusal to credit the Account as set forth above constitute violations of the FCBA. These violations include, without limitation:

a. Unlawfully charging Plaintiff for the Disputed Charges;

b. Failing to adequately investigate the dispute and correct Plaintiff's bill by permanently reversing the Disputed Charges;

c. Failing to send Plaintiff a written explanation or clarification setting forth the valid reasons why Defendant believes Plaintiff to be liable for the Disputed Charges; and

d. Failing to cease billing and collection activity upon notification by Plaintiff that the Disputed Charges were disputed.

41. As a result of Defendant's violations of the FCBA, Plaintiff is entitled to actual damages, statutory damages pursuant to 15 U.S.C. § 1640(a)(2)(A)(iii), including such higher amount as may be appropriate in the case of an established pattern or practice of such failures, a declaratory judgment that Defendant has violated the statute, costs, and reasonable attorneys' fees. Upon information and belief, Defendant's failures reflect an established pattern or practice, in that Defendant refused to credit the Disputed Charges on a stated ground that does not establish that

Plaintiff made or authorized them, while crediting charges arising from the same theft without explaining the distinction.

**THIRD CAUSE OF ACTION**

*California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq.*

42. Plaintiff repeats and re-alleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

43. The UCL defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice, and provides that a court may order injunctive relief and restitution as remedies for any violation of the UCL.

44. Defendant's acts and practices alleged herein constitute unlawful business practices in that they violate TILA, 15 U.S.C. § 1643, and the FCBA, 15 U.S.C. § 1666.

45. Defendant's acts and practices alleged herein constitute unfair business practices in that they offend the public policy expressed in TILA and the FCBA, which limit a cardholder's liability for charges he did not make, and are substantially injurious to consumers.

46. Defendant's acts and practices alleged herein constitute fraudulent business practices in that they are likely to deceive consumers as to their legal rights and obligations. Defendant told Plaintiff in writing that he was not responsible for charges he did not authorize, and then told him that he had accepted responsibility for the Disputed Charges and must pursue the merchants himself.

47. Defendant's unlawful, unfair and fraudulent acts and practices are continuing. Defendant continues to bill Plaintiff for the Disputed Charges and to charge him interest on balances that include them, and has warned him that it may report his account as past due.

48. Plaintiff has lost money or property as a result, including the interest and fees Defendant has charged to the Account on balances that include the Disputed

Charges, the payments Plaintiff has made to Defendant while the Disputed Charges remained on the Account, and the use of most of his credit limit.

49. Plaintiff lacks an adequate remedy at law for Defendant's ongoing conduct. An award of damages for past harm will not stop Defendant from continuing to bill Plaintiff for the Disputed Charges, charging him interest on them, or reporting a balance that includes them to consumer reporting agencies.

50. Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Defendant from billing or collecting the Disputed Charges and any interest and fees related to them, and, in the alternative to his claims for damages, restoring to Plaintiff all money Defendant has obtained from him on account of them.

51. Pursuant to Cal. Civ. Proc. Code § 1021.5, Plaintiff seeks recovery of attorneys' fees, costs and expenses incurred in the filing and prosecution of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment in his favor and against Defendant as follows:

A. declaring that Plaintiff is not liable for the Disputed Charges or any interest or fees on them;

B. awarding Plaintiff actual damages, statutory damages, costs, and reasonable attorneys' fees;

C. enjoining Defendant from billing or collecting the Disputed Charges and any interest and fees related to them, and ordering restitution of all money Defendant has obtained from Plaintiff on account of them;

D. awarding pre-judgment and post-judgment interest as allowed by law; and

E. such other and further relief, including equitable and declaratory relief, as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Dated: November 6, 2026

*/s/ Donald R. Gordon*
Donald R. Gordon (Cal. Bar No. 221211)
Of Counsel
SCHLANGER LAW GROUP, LLP
26300 Cedar Road, Suite 1105
Beachwood, OH 44122
T. 212-500-6114
F. 646-612-7996
E: don@hudsonconsumer.com

Attorney for Plaintiff Richard Collins